# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-44-HAB |
| | ) | |
| CLEMENTE R. CORTEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter comes before the Court on Defendant's Motion for Preauthorization to Exceed CJA Expert Fees (ECF No. 45), filed on July 22, 2019 (the "Motion"). Defendant does not speak English, and therefore it will be necessary for counsel to hire a translator to effectively represent Defendant. In an accompanying Affidavit in Support, counsel indicates that he has hired Gema Aparicio to serve as an interpreter in this case. Aparicio bills her services at a rate of $57.00 per hour. Counsel believes that Aparicio's bills will exceed the CJA limit for interpreter's services[1], and seeks prior authorization from this Court to expend the necessary sums.

Compensation for CJA-retained interpreters is governed by § 320.15 of the Guidelines for Administering the CJA and Related Statutes. Interpreters "should be compensated consistently throughout the district or, if applicable, in individual court locations." *Guide to Judiciary Policy*, Vol. 7, Part A, § 320.15.10. In determining the reasonableness of rates paid to interpreters under the CJA, a district court is to utilize the rates established by the Director of the Administrative Office of the United States Courts. *Id.* at § 320.15.20(a). The current hourly rate, pro-rated from

---

[1] Defendant states in the Motion that the CJA limit for interpreter services is $800.00. (ECF No. 45 at 1). However, as of February 15, 2019, the compensation maximum is $900.00. *Guide to Judiciary Policy*, Vol. 7, Part A, § 310.20.30.

the full-day rate, is $52.25 per hour for certified interpreters, and $25.25 per hour for non-certified interpreters. https://www.uscourts.gov/services-forms/federal-court-interpreters. If compensation is sought in excess of these presumptive rates, justification should be submitted to the presiding judicial officer. *Guide to Judiciary Policy*, Vol. 7, Part A, § 320.15.20(b).

The Court finds that the Motion does not contain sufficient information for this Court to approve the requested expenditures. Initially, the Court cannot determine whether the requested hourly rate for Aparicio is reasonable. Whether or not Aparicio is a certified interpreter (the Motion does not state one way or the other), her requested hourly rate is in excess of the presumptive rate under the CJA Guidelines. Accordingly, it was necessary for Defendant to provide justification for the requested rate, but the Motion is silent on that matter.

In addition, the Court cannot yet determine if it will be reasonably necessary to exceed the maximum compensation set forth in § 310.20.30. Defendant's supporting affidavit states that Aparicio has been employed as an interpreter since the onset of the case, but there is no indication as to how much she has billed to date for her services. In addition, Defendant does not provide an estimate of the number of hours that Aparicio's services will be needed, or the ultimate amount of her charges. Therefore, the Court cannot conclude, at this time, that prior authorization is appropriate or necessary.

Should Aparicio's charges approach the $900.00 limit, Defendant can re-file his request for preauthorization at that time, to include the necessary information regarding Aparicio's qualifications and the justification for her hourly rate. At this point, however, the Motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Preauthorization to Exceed CJA Expert Fees (ECF No. 45) is DENIED without prejudice to refile at a later date.

SO ORDERED on July 24, 2019.

                                        s/ Holly A. Brady
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT